UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SIMON KNIGHT                                              CIVIL ACTION

V.                                                        NO. 14-2307

HENDERSON INTERNATIONAL                                   SECTION "F"
TECHNOLOGIES INC., ET AL.

ORDER AND REASONS

Before the Court is Baldor Electric Co.'s motion for summary judgment. For the following reasons, the motion is DENIED.

**Background**

This personal injury action arises from an explosion of a helium compressor that caused a flying object to pierce a hole through the plaintiff's ankle. The accident occurred while the plaintiff, Simon Knight, was working for Air Gas Inc. at a compressor station near Houma, Louisiana.

Knight brings this action against multiple defendants who manufactured and serviced the compressor and its component parts. Baldor Electric Co. manufactured an electric motor that provided power to the compressor. Knight asserts claims against Baldor under the Louisiana Products Liability Act and under a general theory of negligence.

Baldor contends that the plaintiff's initial discovery disclosures fail to supply any facts supporting the plaintiff's claims against Baldor. Likewise, Baldor claims that the plaintiff's responses to interrogatories and documents requests

1

have been equally lacking. Representatives of Baldor have visually inspected the compressor and have found no apparent defects with its motor. According to Baldor, the plaintiff has offered no evidence of Baldor's negligence or liability under the Louisiana Products Liability Act.

Knight responds that he has been working diligently to schedule the necessary testing of the compressor to determine the liability of the various manufacturers. He admits that, until destructive testing has been performed on the compressor, the parties will be unable to determine which part of the compressor malfunctioned causing the explosion. Knight requests that the Court postpone consideration of Baldor's motion for summary judgment until his experts can perform the necessary destructive testing. The Court agrees.

I.

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine dispute as to any material fact such that the moving party is entitled to judgment as a matter of law.  No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.  See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986).  A genuine dispute of fact exists only "if the evidence is such that a reasonable

2

jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. See id. Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. Id. at 249-50 (citations omitted). Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5 Cir. 1992). Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claim. Id. Hearsay evidence and unsworn documents that cannot be presented in a form that would be admissible in evidence at trial do not qualify as competent opposing evidence. Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5 Cir. 1987); FED. R. CIV. P. 56(c)(2). Finally, in evaluating the summary judgment motion, the Court must read the facts in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255.

## II.

Discovery is ongoing in this case. All parties agree that destructive testing of the compressor is necessary to determine

3

the liability of the defendants. Destructive testing was initially scheduled for January 6, 2016 after the Court granted the plaintiff's motion to extend his expert report deadlines. However, on January 30, 2015, the defendant who owns the compressor, Atlas Copco Compressors, LLC, filed a motion to quash the scheduled destructive testing for fear that the testing would cause the compressor to explode again. (An interesting inference that someone is responsible for what happened). On January 5, 2016, the Court quashed the destructive testing that was scheduled for the following day, but ordered the parties to perform non-destructive testing so as to determine a safe protocol for any necessary destructive testing. Further, the Court ordered the parties to conduct any and all necessary destructive testing by February 5, 2016. The Court extended the parties' expert report deadlines to allow them time to form their opinions of the destructive testing before the March 28, 2016 trial.

While Baldor's frustrations about the delays in the necessary testing of the compressor may be warranted, there remain material issues of fact as to what caused the compressor to explode. Although the plaintiff has clearly not yet articulated a specific theory of liability against Baldor, the plaintiff has not withheld required disclosures in violation of the discovery rules. Rather, the plaintiff is unable to identify the cause of the explosion at

this time due to delays in the necessary testing.[1] Accordingly, Baldor's request for summary judgment is premature.

To avoid prejudice to Baldor in light of the recent changes to the discovery schedule, the parties may submit pre-trial motions in accordance with the Court's January 13, 2016 order extending the scheduling order deadlines.[2]

IT IS ORDERED that Baldor Electric Co.'s motion for summary judgment is DENIED as premature. The motion is hereby dismissed without prejudice.

New Orleans, Louisiana, January 13, 2016

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[1] From the record, it appears that the delays in the necessary testing are not solely the fault of the plaintiff. According to the plaintiff, he has been trying to coordinate the testing since September of 2015. On the record, it appears that the delays have been caused by conflicting schedules of the numerous defendants and experts. Adding to the delays, the compressor is located at the facility of a company who is not a party to this suit.

[2] And all parties are reminded of the mandate of 28 U.S.C. § 1927.